11073

TROY *ET AL.* v. ÆTNA ACCIDENT & LIABILITY CO.

(115 S. E., 325)

ATTACHMENT—SURETY ON BOND OF INTERVENING CLAIMANT NOT LIABLE WHERE NO JUDGMENT WAS ASKED OR RENDERED AGAINST CLAIMANT. —Where an intervening claimant took possession of the attached property on executing a bond therefor, and the parties in the attachment suits recovered judgment against the defendant, but did not ask nor recover judgment against the intervening claimant, the surety on the claimant's bond is not liable to the plaintiffs in an independent action, even though the bond was filed in the Court of Magistrate, where technical errors and defects not affecting merits should be disregarded.

Before MAULDIN, J., Clarendon. Affirmed.

Action by H. P. Troy *et al.* against Ætna Accident & Liability Company. From order of nonsuit the plaintiffs appeal.

*Mr. J. J. Cantey,* for appellant, cites: *Liability under attachment bond:* Code Proc. 1912, Sec. 407; R. C. L. "Attachment," Sec. 106.

*Messrs L. E. Wood* and *M. W. Seabrook,* for respondent. *Oral argument.*

December 29, 1922.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This case was heard on the following statement:

"In the month of January, 1918, H. P. Troy commenced an action in the Court of Magistrate for the sum of $52.11 against one M. M. Early, and attached as security for the debt six mules, alleging same to be in the possession of said M. M. Early. At the same time J. G. Senn commenced an action against M. M. Early for the sum of $65.95, and also attached said six mules. At the same time the Summerton Hardware Company commenced an action against M. M. Early for the sum of $8.53, and also attached said six mules. At the same time, L. V. Josey commenced an action against M. M. Early for the sum of $77.21 and also attached said six mules. At the same time Geo. D. Shore & Bro. commenced an action against M. M. Early for the sum of $100.-00, and also attached said six mules.

"After the commencement of the aforesaid actions, the Cleveland Manufacturing Company intervened, claiming the title and possession of said six mules, and giving due notice thereof pursuant to Statute, and procured the release of said mules from the said attachment by depositing with the Magistrate the bond hereinafter set out, and in consideration of said bond the Magistrate released to the said Cleveland Manufacturing Company the six mules attached as security in each of the aforesaid actions. Upon the trial of aforesaid actions the Magistrate rendered judgment by default for each of the aforesaid plaintiffs against the said M. M. Early for the full amounts set out in the respective complaints. No motions were made to set aside or vacate said attachments. No judgment was recovered against the Cleveland Manufacturing Company, and these plaintiffs in said respective actions by their counsel asked for no judgment as against the Cleveland Manufacturing Company, which was duly ordered by the Magistrate.

"Thereafter, H. P. Troy, L. V. Josey, J. G. Senn, Summerton Hardware Company, and Geo. D. Shore & Bro. commenced a joint action in the Court of Common Pleas

against the Ætna Accident & Liability Company, for and on account of the bond hereinafter set out. The Circuit Judge directed a verdict for the Ætna Accident & Liability Company, whereupon the said H. P. Troy, L. V. Josey, J. G. Senn, Summerton Hardware Company, and George D. Shore & Bro. served due and proper notice of appeal to the Supreme Court of South Carolina."

The exception is:

"The bond in question having been filed in the Court of Magistrate, a judgment should have been given according to the justice of the case, without regard to technical errors and defects which do not affect the merits, and the Circuit Judge, therefore, erred as a matter of law in directing a nonsuit, and should, as a matter of law, have directed a verdict for the plaintiffs according to the intent and purpose of said bond."

The exception must be overruled, as it appears no judgment was recovered against the Cleveland Manufacturing Company, and these appellants in their respective actions by their counsel, asked for no judgments as against the Cleveland Manufacturing Company, which was duly ordered by the Magistrate.

Judgment affirmed.